Ruffin, C. J.
The plaintiff cannot have relief upon the footing of the award : which s.eerris to have been the purpose of the bill. As an award for the payment of money merely, the remedy is at law, and performance cannot be compelled by bill, as it might, if if had been for the conveyance of an estate. Hall v. Hardy, 3 Pr. Wms. 187. Wood v. Griffith, 1 Swans. 54. Bouck v. Wilber, 4 John. C. C. 405. Euf, if it were otherwise, this award is so defective upon its face, in not ascertaining any sum to be due to the plaintiff or awarding any sum in particular to be paid to him, that it cannot be sustained. It merely decides, that the defendant holds $682 of the trust fund, not necessary for the payment of the debts to William Robards, and awards that the defendant shall pay it to the plaintiff or any other person, who may have such claims as by law constitute a lien on it. Being neither certain nor final, it could not be sustained at law, nor enforced here.
It was next said, that the plaintiff was entitled to an account, independent of the award, and to a decree for the satisfaction of his judgments out of any balance that may be found in the defendant’s hands. As the bill does not seek to make the defendant liable for more than is in his hands, and the answer accounts for his receiving the pro-ceeds of John Nuttall’s estate in a manner, which, under the circumstances, is not at all satisfactory, the Court would willingly send the cause to the master, if the frame of the bill and the facts of the case were such as to allow it. But, we think, they are not. In the first place it is nearly admitted in the bill, that the plaintiff took the assignment from Williams and made the payment to William .Robards under an agreement, that he would look to James Nuttall and to the remedy at law by judgments *429 and executions, to obtain satisfaction, and that he was net to have recourse in any event to the deed of trust or to the deiendant or his father. At all events, the answer states that fact positively, and in that respect it is supported by the testimony of the sheriff, who makes it plain, that the whole purpose of the agreement was to get clear of the deed, so that the plaintiff might use his executions. If the construction of the deed be, that,- in reference to the debt transferred to Williams, it did not provide merely for the indemnity of W. Robards as endorser, but was a security for the debt itself, yet the assignment of the bond or judgment to the plaintifi could not carry the benefit of the deed of trust as a further collateral security, in opposition to the express stipulation of the plaintiff with William Robards and the trustee, that it was renounced. But, if the plaintiff were not fettered by that agreement, and came simply, as assignee of one of the debts secured by the deed, for an account and satisfacti.on, in which case he ought to have the benefit of the deed, Miller v. Hoyle, 6 Ire. Eq. 279: still he could not foe relieved on this bill, because his assignor and the debtors, the Nuttalls, would be indispensable parties, both for the protection of their interest and for the security of the trustee. So, if the plaintiff be not regarded as a creditor provided for in the deed, but as filing the bill in the character of a judgment creditor merely, his case is still more defective ; for, the same persons would be necessary parties, and, besides, the bill does not allege a return of nulla bona, nor the insolvency of the debtors, nor plaintiff’s inability to obtain satisfaction at law. In fine, it appears almost certain, that the bill was not drawn with any view to an account upon either of those grounds, but only to entitle the plaintiff, either as the party to the alleged award, or as a person, who might claim under it, to have satisfaction out of the specific sum found by the arbitrators to be in the defendant’s hands. As he cannot *430 have that, as has been already stated, he must fail alto» getherfor, although the defendant maybe liable to James Nuttall, the maker of the deed, he cannot be called to account by the plaintiff upon the facts now appearing.
Per Curiam.
Bill dismissed with costs.